### CUNNIFFE v. LOCH.
### No. 16792.

Court of Appeal of Louisiana. Orleans.
Nov. 29, 1937.

Quintero & Ritter, of New Orleans, for appellant.

F. W. Gaudin, of New Orleans, for appellee.

McCALEB, Judge.

On January 27, 1932, the plaintiff, an attorney at law practicing in New Orleans, issued a check for the sum of $200, payable to the order of the defendant. This check was drawn by plaintiff, as president of the Third Ward Louisiana Democratic Association, an unincorporated political body, on the American Bank & Trust Company of New Orleans. The defendant cashed the check and received the proceeds thereof. Plaintiff has brought this suit for $130, claiming, in substance, that the $200 check represented a loan made by him to the defendant subject to a credit of $70.

Defendant admits receiving the check, but denies that the same was a loan to him, and sets forth that the amount thereof constituted a repayment by the plaintiff of a $70 loan previously made by him to plaintiff and that the balance of $130 likewise represented a repayment of a loan made by the defendant to a member of plaintiff's family. He further avers that plaintiff cannot recover for the reason that the money did not belong to the plaintiff but to the Third Ward Louisiana Democratic Association, and that, at all events, the claim is prescribed because the plaintiff failed to institute this suit within three years from the time of the alleged loan.

On these issues, a trial was had in the First city court of New Orleans which resulted in a judgment in favor of plaintiff for $130 as prayed for. Hence this appeal.

■ Defendant's first contention in this court is that plaintiff should not recover because the check issued by him shows on its face that it was drawn against funds owned by the Third Ward Louisiana Democratic Association. This argument is without merit. The defendant, in his answer, has set forth that the check delivered to him represented the repayment by plaintiff of loans made by the defendant to plaintiff and to a member of plaintiff's family. Accordingly, he is without interest to question the source from which the funds were derived.

■ Defendant also maintains that plaintiff has not proved that the $200 received represents a loan made by plaintiff to him. Plaintiff testified that, on the date the check was given, the defendant caused one Evans, defendant's employee, to call upon him at his office in the American Bank Building and solicit the $200 loan, and that, in accordance with this request, he issued the check drawn on funds in the name of the Third Ward Louisiana Democratic Association and delivered said check to Evans, who in turn gave the same to defendant. On the other hand, defendant contends that this check represented a repayment by plaintiff of the sum of $70 loaned by defendant to plaintiff some time during the year 1923 and that the balance, $130 (the amount herein sued for), represented the repayment by plaintiff of a loan made by defendant to plaintiff's brother, Alphonse Cunniffe.

It will be seen from the foregoing that the evidence of plaintiff and that of defendant is in direct conflict. The trial judge, who saw and heard the witnesses, was in better position than we are to determine the weight to be given to their respective statements. He chose to believe plaintiff's testimony, and we find no manifest error in his ruling.

■ Counsel for defendant, however, tell us that plaintiff's testimony should not be believed because, whereas he alleged in his petition that he loaned the defendant the sum of $200 and that defendant later paid the sum of $70 on account of said loan, leaving a balance due of $130, he testified that he loaned defendant only $130, in view of the fact that he was previously indebted to the defendant in the sum of $70. But plaintiff ascribes that the reason he alleged that defendant made a payment of $70 on account of the obligation was because he felt morally bound to repay defendant the sum of $70 (which he had borrowed some nine years previous to the $200.00 loan), notwithstanding the fact that prescription had accrued on it. We find that this explanation is sufficient and elucidates the apparent discrepancy between his pleading and his statement on the witness stand.

■ The only other question in the case is whether the action is prescribed because more than three years have elapsed from the time the loan was made to the institution of the suit. On this point, the plaintiff claims that the running of prescription was interrupted and has testified that, on May 1, 1934, the defendant verbally acknowledged to him, in the presence of Peter Hand (a witness for plaintiff), the existence of the debt and promised to pay it as soon as he was able to obtain the funds. He further says that defendant told him not to worry about the repayment of the indebtedness because he (defendant) had told his wife all about it and that, in the event of his death, his wife would reimburse plaintiff. This statement is corroborated by the evidence of Peter Hand. But defendant asserts, contra, that any conversation with reference to the acknowledgment of the debt by him was had some time during the year 1935 after prescription had already accrued.

This contrast of statements between plaintiff and defendant was settled by the trial judge in favor of the plaintiff and we concur in his finding.

Counsel for defendant have cited cases which hold that it is essential, in order to interrupt or renounce prescription, for the acknowledgment to refer to a particular and specific debt and that proof that the party acknowledged in conversation with witnesses that he was largely indebted to the plaintiff is insufficient. These rulings are not apposite to the facts presented here because there can be no doubt that defendant's acknowledgment referred to the one and only debt owed by him to the plaintiff. The plea of prescription of three years was therefore properly overruled.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.