This is an action by plaintiff to recover the sum of $975 from defendant. The amount claimed is made up of two items, one for $600, alleged by plaintiff to have been loaned by him to defendant, and another amounting to $375, represented as being the sum received from the sale by the defendant of a Chevrolet automobile owned by plaintiff.
Defendant admits receiving the sum of $600 in cash from plaintiff, and further admits the sale of plaintiff's car for the sum alleged, but denies the right of plaintiff to recover the amount set forth, and bases his defense upon the contention that the $600 in cash and the proceeds of the sale of the automobile were invested by plaintiff in a sort of partnership or syndicate business venture. Defendant further contends that the used car business in which the "investment" was made resulted in a loss, and, accordingly, he prays that plaintiff's demands be rejected.
This matter involves only questions of fact as to the nature of the transactions by which the total of $975 came into defendant's possession, the circumstances surrounding the same, and the intent of the parties. In a thorough and well-reasoned opinion, the district Judge resolved the matter against the defendant and rendered judgment in favor of plaintiff as prayed for, from which judgment defendant appeals.
In this Court, counsel for plaintiff has filed a motion to assess penalty for frivolous appeal on the ground that, the pleadings and trial on the merits being considered, there was no testimony to support any serious defense against the judgment rendered.
[1] While we thoroughly concur in the findings of the district Judge, and are convinced of the correctness of his opinion, we cannot agree with counsel's argument that the record is completely wanting in testimony in support of the contentions of the defendant. Nor can we subscribe to the conclusion that the appeal in this case is so lacking in merit as to justify an assessment of damages on the ground of frivolity. For these reasons, the claim for such damages is denied, and the motion to dismiss overruled.
[2] The defense tendered in this case is affirmative in nature. Defendant, having admitted the receipt of $600 in cash from plaintiff, and further having admitted the sale of an automobile owned by plaintiff for a consideration of $375, which sum defendant acknowledged he received, then proceeds to affirmatively allege the investment of both amounts in a "business or syndicate," the resulting operations of which business entailed a financial loss.
Under the defenses advanced, the defendant clearly bears the burden of establishing such defense. Plaintiff has discharged the burden incumbent upon him by establishing defendant's receipt of the sums set forth in his claim for recovery.
[3] Not only has defendant failed to establish his claim by a preponderance of the evidence, but the facts surrounding the transactions themselves argue eloquently against the establishment of any intention on the part of plaintiff to become a partner or a participant in any business or joint undertaking with the defendant. The testimony of defendant himself as to the circumstances accompanying his receipt of the $600 lead to the very definite conclusion that both plaintiff and defendant regarded the transaction as being a straightout loan. The sale of plaintiff's car by defendant likewise is unrelated to any circumstances or facts which would lend support to defendant's contention.
For the reasons set forth, the judgment appealed from is affirmed at appellant's cost. *Page 330