COVINGTON, Judge.
This is a suit for money allegedly owed. The amount claimed is $1,200.00, said by the plaintiff to have been loaned by him to the defendant. From a judgment in favor of the plaintiff, the defendant appeals.
Plaintiff alleges that on March 2,1974, he loaned the defendant the sum of $1,200.00, which has not been repaid. Defendant’s answer was a denial that he had ever borrowed money from the plaintiff or that he owed anything to Scott.
On the trial, the plaintiff offered testimony to the effect that this was a loan, evidenced by a check to the defendant; the latter offered testimony that this was an investment, not a loan, and objected to the admissibility of the check. The lower court permitted the evidence, and concluded that the plaintiff had proved the loan of $1,200.00 and that the defendant still owed this sum to the plaintiff. It was stipulated at the trial that check number 557, dated February 27, 1974, to Paul M. Kosbab for $1,200.00, endorsed “For Deposit Only, Paul M. Kosbab”, was deposited in Mr. Kosbab’s account.
Appellant urges that the cancelled check of Mr. Scott to Mr. Kosbab was inadmissible under the holding in the case of In re Genin, 240 So.2d 46 (La.App. 4 Cir. 1970). There is no merit in this contention. In Genin, four checks that were cashed were admitted in evidence. It was only check stubs that were held inadmissible under LSA-C.C. art. 2249. A case relied upon by the Genin court indicates that the checks themselves are admissible; see Brown v. Pike, 34 La.Ann. 576 (1882). In Cunniffe v. Loch, 177 So. 77 (La.App.Orl.1937), the Court considered the check which evidenced the loan in reaching its decision. Moreover, it is implicit within LSA-C.C. art. 2243 that checks are admissible in evidence unless “the whole sum shall be expressed in figures.” The sum of $1,200.00 was also expressed in words in the check involved herein, so the check would not be inadmissible on that ground.
Appellant also urges that the plaintiff-appellee has not introduced the testimony of “one credible witness”, as required by LSA-C.C. art. 2277, to substantiate that he made a loan of $1,200.00 to the defendant-appellant. Appellant is in error; the testimony of the plaintiff can serve as that of “one credible witness” to meet this codal requirement. Burt v. Hebert, 338 So.2d 717 (La.App. 1 Cir. 1976). Mr. Scott’s oral testimony was clearly admissible pursuant to Article 2277. This testimony was corroborated by the check to Mr. Kosbab, which we have held to be admissible in evidence. Thus, the requisites of LSA-C.C. art. 2277 were satisfied.
Our settled law is that the findings of fact by a trial judge, particularly such findings as are dependent upon the credibility of witnesses, are entitled to great weight and will not be disturbed on appeal in the absence of manifest error. This rule is especially pertinent where the testimony, as in the instant case, is highly contradictory. LaJeune v. Flash Truck Line, Inc., 353 So.2d 296 (La.App. 1 Cir. 1977); Readco Industries, Inc. v. Myrmax *193 Specialties, Inc., 236 So.2d 573 (La.App. 1 Cir. 1970), writ refused, 256 La. 865, 239 So.2d 362 (1970). Our review of the record satisfies us that the trial court committed no manifest error in accepting Mr. Scott’s assertion that the $1,200.00 was a loan to Mr. Kosbab.
From the evidence in the record, we are led to the definite conclusion that the transaction between Mr. Scott and Mr. Kosbab can only be regarded as a loan. See McGuire v. Woolridge, 23 So.2d 295 (La. App. 2 Cir. 1945), certiorari denied October 8, 1945.
Accordingly, we affirm the judgment of the trial court at the appellant’s costs.
AFFIRMED.